Judges — D. C. Westenhaver, Cleveland; John M. Killets, Toledo.

Clerk—Bertrand C. Miller, Federal Building, Cleveland.

Chief Deputy—Fred T. Denzler.

District Attorney—Edwin S. Wertz, Cleveland.

Assistants—Joseph C. Breitenstein, B. W. Henderson, G. J. Pilliod, for Cleveland—Geo. Effler, Geo. E. Reed, for Toledo.

U. S. Marshal—George W. Stauffer, Ottawa.

Chief Deputy—O. Krichbaum

Deputies—H. D. Lingelfelter, A. L. Gibson, D. C. Mahon, Chas. E. Pierce, Robt. S. Gawne, for Cleveland—Geo. R. Weeks, Elmer Flick, John L. Cass, Robert Neill, for Toledo.

Deputies—O. Kirchbaum, Norma· Lapp, E. J. Dolan, Cleveland; Arthur J. Christy, S. W. Frankowski, Toledo.

Terms of Court. Eastern Division—

At Cleveland. First Tuesday in February, April and October.

At Youngstown. First Tuesday after the first Monday of March.

Any suit brought in Eastern Division may be tried at Youngstown term, which is a trial term only. All filings in cases transferred to Youngstown term may be made at Cleveland, except during Youngstown term.

Present term at Cleveland began September 9; at Youngstown--

Western Division—at Toledo—

On the last Tuesday in April and October;

Both divisions have the same set of officers.

The Clerk and Marshal each has an office and deputies in regular attendance, at both Cleveland and Toledo.

**SOUTHERN DISTRICT:**

Judges—John E. Sater, Columbus; John W. Peck, Cincinnati.

Clerk—Boyd E. Dilley, Cincinnati; Harry F. Rabe, Cincinnati, Chief Deputy.

District Attorney—James R. Clark, Cincinnati.

Assistants—Thomas Morrow, Allen C. Roudebush, Richard T. Dickerson, Cincinnati; Wiliam J. Ford, Richard T. Dickerson, Columbus.

Terms of Court—Eastern Division—

At Columbus, on the first Tuesday of June and December.

At Dayton, on the first Monday in May and November.

Any suit that may be brought in the Southern District may be instituted, tried and determined at Dayton term.

Western Division—At Cincinnati, on the first Tuesday in February, April and October.

Both divisions have the same set of officers, but the Clerk and Marshal each has an office and deputies in regular attendance in both Columbus and Cincinnati.

### Notice to the Bar

1. Cases must be ordered for trial not less than thirty days before the first day of the term.

2. A list of all cases thus ordered for trial shall be printed by the clerk, and a copy thereof shall be sent to each counsel of record, at least five days before the preliminary call, with notice of the time when the call will take place. Failure to receive the copy or notice will not excuse counsel from attending the call.

3. In order to enable the Court properly to prepare a day by day calendar, a preliminary call of the entire list will be had at a time to be notified as above provided. The Court will understand that cases not then answered to are ready for trial upon any day that may be designated.

. Application for continuance, and all other applications affecting the list, of which at least twenty-four hours' notice must be given to opposing counsel, must be made upon this call, and not afterwards, except for reasons thereafter arising.

4. After the call is finished, the day by day calendar for the term will be prepared, and a copy thereof immediately sent to each counsel of record, but a failure to receive such copy will not be a ground for a continuance.

### FEDERAL CASES

### No. 111

## WONG SUN v. FLUCKEY, INSPECTOR

U. S. District Court, N. D. O.

Oct. 6, 1922. No. 11569

Full opinion see 283 Fed. 989

HABEAS CORPUS—(1) Res judicata—(2) Issues that might have been tried—(3) Appeal and error effect—(4) Permission first obtained.

#### Epitomized Opionion

**WESTENHAVER, D. J.**

Wong Sun was arrested in 1915, charged with being in this country unlawfully. A warrant of deportation issued, he was discharged on this; re-arrested in October, 1917; after a prolonged hearing, the charges being sustained, he had applied for release by habeas corpus. The writ being denied he appealed to the U. S. Circuit Court of Appeals, which affirmed the lower court. He brought this application making a second attempt, claiming the right to bring repeated applications on the same state of facts; and that the court examined only the one question; that of his right to a judicial hearing in addition to an executive hearing, which question was decided against the applicant. The immigration authorities contended that the case was res judicata as to all issues that could have been raised. Held:

1. A former judgment on habeas corpus application is conclusive as to all questions decided and which could have been decided.

2. That the reason for the common law rule, in proceeding in criminal case, which allowed repeated applications for the writ no longer exist where there is right of review.

3. Where the law allows review by writ of error or appeal, and the case is affirmed on review, the doctrine of res judicata applies, and the lower court cannot entertain a new application on the same set of facts without permission of the reviewing court.

Attorneys—William J. Dawley, Cleveland, for petitioner; B. W. Henderson, Asst. U. S. Atty., of Cleveland, for defendant.